IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS KIM,                               :
                *Plaintiff,*          :
                                      :
          v.                     :    CIVIL NO. 26-3215
                                      :
SUSAN THOMAS et al.,                      :
             *Defendants.*         :
                                      :

**Scott, J.**                                                    **July 20, 2026**

## MEMORANDUM

Before the Court is Plaintiff Thomas Kim's Motion to Remand (ECF No. 13). For reasons explained below, the Court denies Plaintiff's Motion.

### I.    Background

The Court limits its factual summary to what is relevant for purposes of this memorandum opinion.

On April 6, 2026, Kim initiated this action in the Court of Common Please of Philadelphia County, Pennsylvania against Defendants Susan Thomas, Jeffrey Hubbell, David Francis, and TremeBio as a nominal defendant. ECF No. 1 ¶ 1; ECF No. 13 ¶ 1. On May 12, 2026, Defendants filed a notice of removal based on diversity jurisdiction, removing this case to federal court. ECF No. 1; ECF No. 13 ¶ 3. On May 27, 2026, Kim filed a motion to remand that challenges whether diversity jurisdiction exists. The motion is fully briefed and ripe for disposition.

### II.    Discussion

Diversity jurisdiction vests federal courts with jurisdiction over a case when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Kim argues that both elements necessary to

1

establish diversity jurisdiction are wanting: the amount in controversy is less than $75,000 and there is not a complete diversity of citizenship among the parties. ECF No. 13 at 3–6.

A. The Amount In Controversy Exceeds $75,000.00

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in state court." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (citation modified). Here, Kim's Complaint made claims for equitable relief and did not specify a monetary sum. Accordingly, Defendants were entitled to specify the amount in controversy when they filed their notice of removal. *See* 28 U.S.C. § 1446(c)(2)(A). Because Defendants are asserting federal jurisdiction exists, they bear the burden; accordingly, they must establish the amount in controversy by a preponderance of the evidence. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) ("[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."); 28 U.S.C. § 1446(c)(2)(B). Additionally, because the relief that Kim seeks is primarily equitable, the Court must measure the value that Kim seeks to protect to determine the amount in controversy. *See, e.g., Perilstein v. United Glass Corp.*, 213 F.R.D. 252, 254 (E.D. Pa. 2003) ("[T]he jurisprudence appears reasonably settled that it is the value to be protected—not the intangible right in a vacuum—that is the polestar to which we should set our amount in controversy compass."). Therefore, the Court must assess the value of Kim's shares in TremeBio to determine whether the amount in controversy exceeds the jurisdictional requirement.

Kim suggests that the value of those shares is $26.73, which is the amount for which Defendants tendered Kim's 2.67 million shares in the company on May 18, 2026. ECF No. 13 ¶ 8. The Court does not find this valuation credible. If Kim really believed that this amount fairly represented his shares, he would have cashed the check and not filed suit. Based on certain notes that TremeBio issued to outside investors that provide an approximate valuation of TremeBio,

2

Defendants suggest that Kim's interest in TremeBio is worth $990,000. ECF No. 30-2 at 12–13. The Court finds Defendants' approach more sensible, but it does not need to endorse Defendants' exact number. At bottom, Kim co-founded TremeBio and held at least a one-third interest in the company prior to his disputed termination. It is permissible to infer that a one-third interest in a company that recently received a $22 million dollar grant exceeds $75,0000. *See* ECF No. 1-3 ¶¶ 15,  Accordingly, the amount-in-controversy element is satisfied.

B.  There Is Complete Diversity of Citizenship Among The Parties

"[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (original emphasis). Kim argues that because he is a citizen of Pennsylvania and so too is TremeBio, this Court lacks jurisdiction because there is not a complete diversity of citizenship among the Parties. ECF No. 13 ¶ 6. Kim's argument fails out the outset because TremeBio is a nominal defendant whose citizenship is irrelevant for assessing whether diversity jurisdiction exists.

"Nominal parties are generally those without a real interest in the litigation." *Bumberger v. Insurance Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991). "Typically, they are those named to satisfy state pleading rules . . . joined only as the designated performer of a ministerial act . . . or who otherwise have no control of, impact on, or stake in the controversy." *Jocz v. Eichleay Engineers, Inc.*, 2008 WL 5157503, at *6 (E.D. Pa. Dec. 9, 2008) (citation modified). It is clear from Kim's complaint and from the relief sought that TremeBio is a nominal party in the sense that it is joined strictly in order for Kim to achieve the relief he seeks against the individual Defendants with respect to his claims for wrongful termination, for breach of implied covenant of good faith and fair dealing, and for indemnification and advancement of expenses. *See* ECF No. 1-3 at 5.

In the verified complaint, Kim has acknowledged that TremeBio is a nominal defendant. First, in the case caption, Kim labeled TremeBio as a nominal defendant. ECF No. 1-3 at 5. Second, the third paragraph of the verified complaint explains that TremeBio is a nominal defendant: "TremeBio, Inc. is named as a defendant in this action *solely in its capacity as a necessary party* with respect to [three counts] and for purposes of injunctive and declaratory relief directed at the Company. TremeBio is *not alleged to have acted against Mr. Kim* through any legitimate exercise of corporate authority." *Id.* at 6 (emphasis added). Kim now seeks to walk back this allegation, arguing in his reply brief that TremeBio is actually a real party in interest and that the Court should disregard the "'nominal defendant' label in the caption." ECF No. 33 at 5. But the Court does not hang its hat on mere labeling but rather on what Kim has alleged in his complaint, namely that TremeBio has not acted against Kim, that TremeBio is included solely to effect relief sought to cure the alleged misdeeds of the other Defendants, and that "[t]he claims in this action are directed primarily at the individual defendants who misused their positions to harm both Mr. Kim and the Company they were entrusted to govern." ECF No. 1-3 at 5.

For purposes of assessing citizenship to determine whether diversity jurisdiction exists, Courts assess the citizenship of "parties in interest." 28 U.S.C. § 1441(b). As a corollary, the Court "must disregard the nominal or formal parties and rest jurisdiction only upon the real citizenship of real parties to the controversy." *Bumberger*, 952 F.2d at 767 (citation omitted). The Court therefore excludes TremeBio from its analysis because it is a nominal party. Because TremeBio was the only defendant whom Kim argued had the same citizenship as himself, the Court rejects the argument that there is a lack of complete diversity of citizenship. Kim is a citizen of Pennsylvania; Hubbel is a citizen of New York; Thomas is a citizen of Georgia; Francis is a

4

citizen of Colorado. *See, e.g.*, ECF No. 1 ¶¶ 10–16; ECF No. 30-6 ¶¶ 4–6. That is a complete diversity of citizenship among the Parties.

### III.    Conclusion

Diversity jurisdiction exists in this action. The amount in controversy exceeds $75,000 and, among the real parties in interest, there is a complete diversity of citizenship. Accordingly, Kim's motion to remand (ECF No. 13) is denied. An appropriate order follows.